UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Crim. Action No. 04-525 (KSH) |
| RASHEED BARNES, | **OPINION & ORDER** |
| Defendant. | |

**Katharine S. Hayden, U.S.D.J.**

This matter comes before the Court upon a motion by defendant Rasheed Barnes for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c). Because Barnes's sentence was "based on" his status as a career offender and not on the crack-cocaine guideline that otherwise would have applied, his motion is denied.

**I.**

Barnes pleaded guilty on July 17, 2004 to possession with intent to distribute more than 5 grams of crack-cocaine, in violation of 21 U.S.C. § 841(b)(1)(B)(ii). Based on two state criminal offenses to which Barnes had previously pleaded guilty, the Presentence Investigation Report ("PSR") determined—and the sentencing court agreed—that Barnes qualified as a career offender and that U.S.S.G. § 4B1.1 therefore applied. The PSR calculated a base offense level of 34, yielding an initial sentencing range of 262-327 months under criminal history Category VI. *See* U.S.S.G. § 4B1.1(b) ("A career offender's criminal history in every case under this subsection shall be Category VI.") After a three-level downward departure for Barnes's acceptance of responsibility, the court arrived at a sentencing range of 188-235 months' imprisonment. It then accepted the government's further downward departure motion pursuant

to § 5K1.1, and sentenced Barnes to 90 months' imprisonment on May 23, 2005.  In doing so, it stated the following about Barnes's status as a career offender:

> [W]ith respect to the career offender aspect of the guidelines, [it] has given me pause, but it is [a] fact that the requirements for that status have been met. . . .  With th[e] chronology and . . . circumstances [of this case] buttressed by a series of serious but relatively minor offenses . . . they do not figure career offender status, *nonetheless, the career status is warranted*. . . .  [T]o sum up, we have career offender status which dictates a very serious sentence.  But looked at in nonguideline terms, Mr. Barnes'[s] life has not been an uninterrupted litany of serious crimes.  Not to minimize them, but he just simply isn't old enough to have a long history of crime, though I must say he certainly appeared to be headed in that direction."

5/23/05 Sent. Tr. at 15:1-4, 15-19; 19:3-9 (emphasis added).[1]

In November 2007, the Sentencing Commission amended the crack-cocaine guideline by revising the drug quantity table at § 2D1.1(c). U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007) ("Amendment 706").  Amendment 706 generally reduces the base offense levels for crack-cocaine offenses under § 2D1.1(c) by two levels.  The Sentencing Commission later proclaimed Amendment 706 to be retroactive. U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008).  Based on these amendments, Barnes has moved pursuant to 18 U.S.C. § 3582(c) for a reduction in his sentence.

## II.

Barnes argues that Amendment 706 warrants a modification in his sentence under § 3582(c), which states in pertinent part:

> (c) *Modification of an imposed term of imprisonment*. The court may not modify a term of imprisonment once it has been imposed except that:

---

[1] Barnes pleaded guilty before and was sentenced by the Hon. John C. Lifland, who has since retired.  The case was transferred to the undersigned on March 25, 2008 [D.E. # 18].

2

. . .

> (2) in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission*, . . . upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).

Barnes concedes that he is subject to the career offender guideline, but argues that he was nonetheless sentenced "based on" the now-amended crack-cocaine guideline, thus permitting a reduction of his sentence. At the time he filed his motion, the Court of Appeals for the Third Circuit had not definitively answered whether the retroactive adjustment to the drug quantity table could be used by a defendant who had been sentenced as a career offender. More recently, however, the Third Circuit decided *United States v. Mateo*, 560 F.3d 152 (3d Cir. 2009), where it joined many of its sister circuits in holding that a defendant is ineligible for a sentence reduction based on Amendment 706 where he or she had been sentenced as a career criminal, because it is § 2D1.1—not § 4B1.1—that has been amended. *Mateo*, 560 F.3d at 155 ("Because Amendment 706 does not lower Mateo's sentencing range due to his status as a career offender, he may not seek reduction in sentence under § 3582(c)(2). Amendment 706 simply provides no benefit to career offenders.") (internal quotations and citations omitted); *see also United States v. Liddell*, 543 F.3d 877, 882 n.3 (7th Cir. 2008); *United States v. Ayala-Pizarro*, 551 F.3d 84, 85 (1st Cir. 2008); *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008); *United States v. Moore*,

541 F.3d 1323, 1327-28 (11th Cir. 2008); *United States v. Thomas*, 524 F.3d 889, 890 (8th Cir. 2008).

The cases upon which Barnes relies are distinguishable on their facts. In *United States v. Spurlock*, No. 02-187, 2008 U.S. Dist. LEXIS 32700 (M.D. Pa. Apr. 18, 2008), the court modified a career offender's sentence pursuant to Amendment 706, but only because the sentencing range produced by § 2D1.1 was higher than that produced by § 4B1.1. *Spurlock*, 2008 U.S. Dist. LEXIS 32700, at *5, 12-13. The court concluded that career offender eligibility does not categorically preclude sentence modification where the applicable sentencing range is actually based on the crack-cocaine guideline. *Id.* at *13 & n.3. Here, in contrast, Barnes acknowledges that § 4B1.1 produced a greater sentence than § 2D1.1, that the career offender guideline therefore applied to him, and that Judge Lifland actually sentenced him under it. *See* Def. Rep. Br. at 7. *Spurlock* provides no support because there it was clear that the defendant was sentenced not as a career offender (despite his eligibility for career offender status), but under § 2D1.1.

In *United States v. Poindexter*, 550 F. Supp. 2d 578 (M.D. Pa. 2008), the court considering the § 3582(c) motion granted a modification where the sentencing court departed downward from the career offender guideline under § 4A1.3(b) and *United States v. Shoupe*, 35 F.3d 835 (3d Cir. 1994). Pursuant to that authority, the sentencing court had expressly found that the "career offender designation overrepresent[ed] the total offense level in the case." *Poindexter*, 550 F. Supp. 2d at 580 (internal quotation and citation omitted)). Consequently, it sentenced Poindexter to a level "which he would have faced absent the career offender

designation." *Id.* at 581. The court reviewing Poindexter's § 3582(c) motion[2] began by noting that, "were [it] to find that Poindexter was sentenced under the career offender guideline, Amendment 706 would not apply to his sentence." *Id.* at 580. The court concluded, however, that because of the sentencing court's § 4A1.3(b) departure, the sentence was in fact "based on" § 2D1.1. Therefore, it held that Poindexter was eligible for a § 3582(c) modification. *Id.* at 582.

But here, Judge Lifland explicitly found that the career offender guideline *did* apply, and sentenced Barnes accordingly. Significantly, the opinion in *Poindexter* discussed cases that are indistinguishable from this one. And, like *Mateo*, the court acknowledged that "where the career offender guideline is directly applied at sentencing, no [§] 3582 reduction is warranted." *Id.* at 580 (citing cases). Barnes is correct that Judge Lifland expressed concern at the sentencing hearing with respect to the severe impact a career offender designation would have, especially given the absence of "an uninterrupted litany of serious crimes." 5/23/05 Sent. Tr. at 19:6. But unlike the sentencing judge in *Poindexter*, Judge Lifland did not make a finding under § 4A1.3(b) and *Shoupe* that Barnes's § 4B1.1 designation was overrepresentative.[3]

Barnes's attempt to liken this case to *Poindexter* based on Judge Lifland's stated concern does not overcome the fact that his sentence was explicitly based on a guideline range that

---

[2] A different judge reviewed the § 3582(c) motion because the sentencing judge had since passed away. *Poindexter*, 550 F. Supp. 2d at 582.

[3] Barnes also cites *United States v. Nigatu*, No. 00-18, 2008 U.S. Dist. LEXIS 28541, at *1-4 (D. Minn. Apr. 7, 2008), relied upon in part by *Poindexter*. The facts of *Nigatu* are essentially identical to *Poindexter*—the sentencing court found that a sentence under § 4B1.1 was "inappropriate" because it overstated Nigatu's criminal history. *Id.* at *1. As a result, the court granted his § 3582(c) motion after the Sentencing Commission implemented Amendment 706. *Id.* at *3. *Nigatu* is thus distinguishable from this case on the same grounds as *Poindexter*.

<mark>5</mark>

Amendment 706 did not alter. Any further argument that the Court may modify his sentence—despite such an explicit sentencing under § 4B1.1—is now foreclosed by *Mateo*.[4]

### III.

For the foregoing reasons, the Court lacks authority under 18 U.S.C. § 3582(c) to modify Barnes's sentence. His motion is therefore **DENIED.**

**SO ORDERED** this 14th day of May, 2009.

/s/ Katharine S. Hayden

KATHARINE S. HAYDEN, U.S.D.J.

---

[4] Recently, in *United States v. McGee*, 553 F.3d 225 (2d Cir. 2009), the Second Circuit found that a defendant's sentence was "based on" the crack-cocaine guideline as a result of the district court's downward departure under § 4A1.3(b). *McGee,* 553 F.3d at 227. It therefore held that the defendant was eligible for sentence modification. *Id.* at 227-28. In so doing, the court rejected the views of several district courts that had taken issue with *Poindexter*. *Id.* at 228-29. Those courts had previously held that the applicable guideline range upon which a sentence must be based for Amendment 706 to apply is the *pre-departure* guideline. *Id.* at 229 & n.3; *see also, e.g.*, *United States v. Menafee*, No. 04-138, 2008 U.S. Dist. LEXIS 60765, at *8-9 (D. Conn. Aug. 7, 2008); *United States v. Carlos*, No. 00-263, 2008 U.S. Dist. LEXIS 99796, at *3 (D. Conn. Nov. 19, 2008). Consistent with *Mateo*, the *McGee* Court acknowledged that the consensus among the courts of appeals is that where a defendant is sentenced under § 4B1.1, he or she is ineligible for sentence modification. *Id.* at 227 (citing cases). The Third Circuit did not directly address the § 4A1.3(b) issue in *Mateo* or in its more recent decision in *Doe v. United States*, No. 08-3968, 2009 U.S. App. LEXIS 9109, at *9-17 (3d Cir. Apr. 30, 2009), concerning the interplay between § 3582(c), the Guidelines, and mandatory minimum sentences); *but see id.* at *27-28 (Fuentes, J. concurring) (citing *McGee*). This Court need not jump into the fray because, as has been noted—and as the transcript of the sentencing hearing clearly demonstrates—Judge Lifland did not depart pursuant to § 4A1.3(b), his concerns regarding the severity of Barnes's § 4B1.1 sentence notwithstanding.